The People of the State of New York, Respondent, *v.* David MacLevy, Appellant.

First Department, December 23, 1938.

*Samuel Feldman,* for the appellant.

*Charles C. Tillinghast, Jr., Deputy Assistant District Attorney,* of counsel [*Karl Grebow, Deputy Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

Townley, J. The defendant pleaded guilty and was sentenced for a term of " not less than fifteen years nor more than life " as a fourth offender. The question on appeal relates to the proof of prior convictions and certain alleged errors in the charge in relation to this proof.

Some of the prior convictions of the defendant occurred in other States and under other names. The proof of the identity was made by the production of fingerprints. New York police officers testified that they had taken the fingerprints of the defendant in 1936 and 1937. An expert on fingerprints from the police department qualified as a witness. He was shown the fingerprints taken in 1936 and 1937 and an authenticated record of fingerprints from Oregon State Penitentiary in 1908, a certified copy of fingerprints

from Sing Sing Prison in 1910, and an authenticated record of fingerprints from Pennsylvania in 1916. He testified that these fingerprints were all of one and the same person. Thereupon, records of the convictions in Oregon in 1908, General Sessions, New York County, in 1910, and Pennsylvania were admitted in evidence.

The clerk of the Court of General Sessions identified the original indictment for the 1910 conviction. There was a pedigree statement of the defendant contained therein and he there admitted prior convictions in 1898 for grand larceny in the second degree in Kings county for which he was sentenced to three years in State prison; in 1896, for grand larceny in the second degree for which he was sentenced to Elmira Reformatory; in 1908, for forgery in the second degree in Portland, Ore., for which he was sentenced to two years in State prison; and, in 1902, for forgery in the second degree in Baltimore, Md., for which he was sentenced to three years and seven months in prison. The certificates of conviction in Kings county in 1898, in General Sessions in 1894, and in Baltimore in 1902, were also admitted in evidence. The defendant stood mute and offered no proof.

The trial court charged that the statute, section 482-b of the Code of Criminal Procedure, was applicable to this case. It reads as follows: " The report of a person charged with the custody of finger print records of persons convicted of crime, who shall certify in writing that the records in his custody show certain previous convictions of persons whose fingerprints are identical with those of a defendant shall be presumptive evidence of the fact of such previous convictions of such defendant." The Court of Appeals in *People* v. *Reese* (258 N. Y. 89) plainly held that this statute has no application to fingerprints taken in foreign jurisdictions. This instruction was erroneous in so far as the foreign convictions were concerned, and the statute should not have been adverted to unless the charge was qualified.

The mode of proof, however, was perfectly proper and established the prior convictions against the prisoner beyond a reasonable doubt. We feel that the error under the circumstances was harmless and that the same result would necessarily be reached if a retrial of this issue were ordered.

The judgment of conviction accordingly should be affirmed.

Martin, P. J., O'Malley, Dore and Cohn, JJ., concur.

Judgment unanimously affirmed.